IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MANDEL BENSON,

                Petitioner,

    v.

MATTHEW MARSKE,

                Respondent.

OPINION AND ORDER

19-cv-644-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Federal prisoner Mandel Benson has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his 2011 conviction of knowingly being a felon in possession of a handgun, in violation of 18 U.S.C. §§ 922(a)(2) and 922(g)(1). Petitioner contends that his conviction is invalid under the Supreme Court's recent decision in Rehaif v. United States, 136 S. Ct. 2243 (June 21, 2019), because the government did not prove all of the elements of the offense. However, Rehaif does not support petitioner's claim for relief. Accordingly, I am denying his petition.

BACKGROUND

Petitioner Mandel Benson is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. He was convicted after a jury trial in the United States District Court for the District of Minnesota of being a felon in possession of a handgun, in violation of 18

1

U.S.C. § 922(a)(2) and 922(g)(1). The trial court concluded that petitioner's three prior felony convictions qualified him as an armed career criminal within the meaning of 18 U.S.C. § 924(e). It then imposed a sentence of 235 months of imprisonment. The Court of Appeals for the Eighth Circuit affirmed petitioner's conviction. United States v. Benson, 686 F.3d 498 (8th Cir. 2012). Petitioner has filed several unsuccessful postconviction motions, including a previous § 2241 petition in this court. Benson v. Marske, 18-cv-670-bbc (dismissed Nov. 15, 2018).

OPINION

Ordinarily, a federal prisoner challenging his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255 in the district in which he was convicted. Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013). Under certain circumstances, however, a federal prisoner "may petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). A petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must: (1) be relying on a new case of statutory interpretation, rather than on a constitutional case; (2) show that the new rule applies retroactively on collateral review and could not have been invoked in an earlier § 2255 petition; and (3) show that the error is "grave enough to be deemed a miscarriage of justice." Montana v. Cross, 829 F.3d 775, 783 (7th Cir. 2016); Light v. Caraway, 761 F.3d 809, 812-13 (7th Cir. 2014); In re Davenport,

2

147 F.3d 605, 611-12 (7th Cir. 1998).

In this instance, petitioner contends that he has satisfied the first condition because he is relying on Rehaif, 136 S. Ct. 2243, a new case of statutory interpretation. The question in Rehaif was whether, in a prosecution under § 922(g) and § 924(a)(2), the government had to prove to the jury that Rehaif knew that he was an alien "illegally or unlawfully in the United States," which barred him from possessing a firearm. The Court concluded that the government indeed needed to prove that Rehaif knew that he was in illegal alien status. Rehaif, 139 S. Ct. at 2200 ("[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."). I need not decide whether Rehaif qualifies as a new case of statutory interpretation that is retroactive on collateral review, because it is clear that petitioner cannot identify an error that would amount to a miscarriage of justice.

Petitioner contends that under the Supreme Court's decision in Rehaif, he could be convicted under § 922(g)(1) only if the government proved that petitioner (1) possessed a gun, and (2) knew that it was illegal for him to possess a gun. However, petitioner is misreading Rehaif. The government did not need to prove that petitioner specifically knew that he was legally prohibited from possessing a firearm. Rather, as applied to this case, Rehaif required the government to prove that petitioner knew that he was a felon at the time he possessed a firearm. Assuming that the government failed to put in evidence sufficient to prove that petitioner knew he was a felon, any error was harmless. Petitioner does not

3

deny that he knew he had been convicted of a felony at the time he possessed a firearm. He states that he stipulated at trial that he was a felon, and court records from his criminal case show that he had been convicted of at least five prior felonies, including three for violent robberies. Dkt. #117 at 19 in D. Minn. case no. 10-cr-269-dsd-jsm. In light of his extensive criminal history, petitioner has provided no basis to conclude that a reasonable juror could have inferred that he was somehow unaware that he had been convicted of one or more felonies when he possessed the firearm. Therefore, the government's failure to prove this element of the offense was harmless, and did not amount to a miscarriage of justice. Accordingly, petitioner has not shown that he is entitled to relief under § 2241.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

ORDER

IT IS ORDERED that

1. Petitioner Mandel Benson's petition for a writ of certiorari under 28 U.S.C. § 2241 is DENIED.

2. Petitioner is DENIED a certificate of appealability.

3. The clerk of court is directed to enter judgment and close this case.

Entered this 6th day of December, 2019.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge